## STEPHEN NEAL *vs.* JOHN BAKER, *Executor.*

When an action is brought against an executor *de son tort*, if the estate with which he has intermeddled be insolvent, it is no defence that he has paid debts to double the amount of the assets by him received.

ASSUMPSIT against the defendant, as executor of *Lois Baker*, deceased. The cause was submitted to the decision of the court upon the following case :

*Lois Baker* died on 1st January, 1820, intestate. Since which time the defendant has, without taking administration of her estate lawfully upon himself, received of her estate and effects property to the amount of $100, the whole of which and as much more he has already applied to the payment of the just debts of the said *Lois*, whose estate is insolvent.

And it was agreed, that if the court, upon these facts, should be of opinion that the defendant was not liable as executor *de son tort*, the plaintiff be nonsuit; otherwise judgment to be rendered for the plaintiff for the amount of his debt.

*Freeman*, for the plaintiff.

*Barker*, for the defendant.

RICHARDSON, C. J. There seems to be no doubt that an executor *de son tort* may plead *plene administravit*, and support the plea by shewing in evidence, that before the commencement of the suit he had paid over to the rightful executor or administrator all that was in his hands. (1)

And in England, when the suit is by a creditor against an executor *de son tort*, it is a good defence, that he has paid the amount of assets come to his hands, to creditors of equal or superior degree, himself only excepted. *Lov. on Wills*, 51.— 5 *Coke*, 30.—*Went. Executor*, 180.

(1) 2 D. & E. 97, Padget *vs.* Priest.

Neal
*vs.*
Baker.

(1) 1 N. H.
Laws 211.

By our statute of Feb. 3, 1789, sec. 14,(1) goods, &c. become, in the hands of executors *de son tort*, assets to the amount of double their value, and we have no doubt, that in this state, upon *plene administravit* pleaded, an executor *de son tort* might shew a recovery against him by a creditor, or by the rightful executor or administrator, to the amount of the assets in his hands, and that this would support his plea.

A plea of *plene administravit* by a rightful executor might perhaps be supported by proof that the whole estate had been expended in paying debts due to the state, debts due for the last sickness and funeral charges, and a reasonable allowance by the judge of probate to the widow; these being entitled to priority of payment, by the statute relative to insolvent estates. But we are of opinion, that proof that the whole estate had been exhausted in the payment of other debts, would not support such a plea. If after paying the claims entitled to priority of payment, any thing remain, it must be shown to have been expended in a distribution among all the creditors, in the insolvent course, in order to support such a plea.

And we think, that an executor *de son tort* stands on no better ground in this respect, than a rightful executor. When an action is brought against an executor *de son tort*, it is in our opinion no defence, if the estate be insolvent, that he paid, voluntarily, debts to double the amount he has received. Because he has no right to elect whom he will pay. A payment upon a collusive recovery against him would stand upon the same ground. But when there is *bona fide* a recovery against him to double the amount received, he then pays by order of law and will be discharged.

Whether in case of a solvent estate payment of just debts to double the amount received, would be a defence to an action brought by a creditor against an executor *de son tort*, need not now be decided. In the present case it is agreed, that the estate was insolvent, and we are of opinion that there must be

*Judgment for the plaintiff.*